Garry, J.
(dissenting). We respectfully dissent. Not all terminations arise from a “level of misconduct such as to disqualify [an employee] from receiving unemployment insurance benefits” (Matter of Spierto [Commissioner of Labor], 78 AD3d 1365, 1365 [2010]). Claimant was terminated after 35 years of employment for removing recyclable products from his workplace — later returned — under circumstances that the Administrative Law *1585 Judge found failed to reveal that he had knowledge or notice that his actions would jeopardize his job. Significantly, there was an utter lack of evidence demonstrating that the removal of these waste products, i.e., scrap paper and metal plates, albeit materials of some potential value, was in any manner detrimental to the employer’s interests (see Matter of Dunham [Commissioner of Labor], 68 AD3d 1328, 1330 [2009]; Matter of Clum [All-Lifts, Inc. — Commissioner of Labor], 51 AD3d 1171, 1172-1173 [2008]). Although the Unemployment Insurance Appeal Board subsequently rejected claimant’s testimony that his removal of the materials was in accord with accepted custom, and described them as “valuable items,” there was simply no evidence that the employer suffered any loss, nor intended to or had ever in the past obtained any value for them. Thus, “we cannot conclude that claimant’s conduct was detrimental to the employer’s interests” (Matter of Clum [All-Lifts, Inc. — Commissioner of Labor], 51 AD3d at 1173). Accordingly, we agree with the Administrative Law Judge that claimant’s act “was a matter of poor judgment and does not rise to the level of misconduct under the meaning of the unemployment insurance law,” and we would reverse the Board’s decision.
Mercure, J.E, Malone Jr., and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.